**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| The TRUSTEES OF THE SHEET METAL WORKERS' LOCAL 36 401(k) PLAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:07-CV-1345 CAS ) |
| MATCHETT / BRANSON HEATING & COOLING, INC., | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion for Default Judgment against Defendant, Matchett / Branson Heating & Cooling, Inc. Plaintiffs' motion is accompanied by affidavits and exhibits, and will be granted for the following reasons.

**Background**.

Plaintiffs are trustees of the Sheet Metal Workers' Local 36 401(k) Plan ("401(k) Plan"), a multi-employer plan within the meaning of sections 3(37)(A) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiffs bring this action under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to enforce the terms and conditions of the Labor Agreement between Southern Illinois Sheetmetal Contractors Organization and Local 268, Sheet Metal Workers International Association, Southern Illinois, ("Local 268") and the trust agreement incorporated by reference into the Labor Agreement. Local 268 and defendant Matchett / Branson Heating & Cooling, Inc. ("defendant") are parties to the Labor Agreement.

Plaintiffs filed this action on July 26, 2007 for payment of delinquent contributions, interest on late-paid and unpaid contributions, liquidated damages, and attorneys' fees and costs under Sections 502 and 515 of ERISA.

The Complaint alleges that defendant is bound by the Labor Agreement and failed to file reports and pay employee benefit fund contributions, lawfully due under the Labor Agreement to the 401(k) Plan, from and after April 2007. The Complaint also alleges that the defendant failed to pay employee benefit fund contributions to the 401(k) Plan within the time required under the Labor Agreement for various months from January 2006 through March 2007.

Defendant was served with summons and complaint on August 9, 2007, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On September 19, 2007, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed. R. Civ. P.

Plaintiffs' affidavits establish that since this action was filed, defendant has remitted fringe benefit reports and contribution payments for April, May and June 2007. Defendant owes unpaid contributions for July and August 2007, interest, liquidated damages, and attorney's fees and costs.

Plaintiffs estimate that defendant owes a total of $508.00 in unpaid and unreported contributions for July and August 2007 based on a monthly average of $254.00 in 401(k) contributions reported by Defendant for the period from March through June 2007. Based on defendants' reports, defendant owes interest totaling $299.92 on its late-paid contributions from January 2006 through June 2007. Based on the estimated and unpaid contribution obligation for July and August 2007, defendant owes interest totaling $40.64. Under ERISA, plaintiffs are entitled to liquidated damages in an amount equal to the interest due, $340.56.

Under ERISA and the Labor Agreement, plaintiffs are entitled to all attorney's fees and costs incurred in prosecuting this action. Plaintiffs seek reasonable attorney's fees of $1,155.00 and costs of $433.75.

**Conclusion**.

Based on the foregoing, the Court concludes that plaintiffs' motion for default judgment should be granted and judgment entered in plaintiffs' favor and against defendant in the total amount of Two Thousand Seven Hundred Seventy-Seven Dollars and Eighty-Seven Cents ($2,777.87), consisting of Five Hundred Eight Dollars ($508.00) in contributions due for July and August 2007 to the 401(k) Plan, Six Hundred Eighty-One Dollars and Twelve Cents ($681.12) in interest and liquidated damages on the late-paid and unpaid and delinquent contributions for various months from January 2006 through the present, and One Thousand Five Hundred Eighty-Eight Dollars and Seventy-Five Cents ($1,588.75) in costs and attorney fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. [Doc. 7]

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __24th__ day of September, 2007.